UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at Lexington

DARELL A. ANDERSON,

Petitioner,

v.

ACTING WARDEN KEITH BLANKE,

Respondent.

Civil Action No. 5:26-cv-00059-SCM

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Federal inmate Darell A. Anderson filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Dkt. 1]. Anderson asserts various arguments, including claiming the Federal Bureau of Prisons ("BOP") is improperly calculating his release date and that there are unresolved counts in his Indictment and Superseding Indictment. [*Id.* at 11–12]. Therefore, Anderson seeks: (1) resentencing or the correction of his sentence; (2) an order clarifying that his sentences for violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) cannot be aggregated; (3) an order addressing what he perceives to be unresolved counts in his indictment and superseding indictment; and (4) and order directing the BOP to determine his First Step Act eligibility without regard to what he refers to as unresolved or nonexistent pending charges. [*Id.* at 15]. The U.S. Attorney's Office entered an appearance on behalf of the Respondent and filed a response in opposition to Anderson's Petition. [Dkt. 7]. Anderson then filed a reply in support of his Petition. [Dkt. 8].

The Court has fully reviewed the parties' submissions and will deny Anderson's

requests for relief because each of his arguments is unavailing. As background, Anderson pled guilty to possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See United States v. Darell Anderson*, No. 2:18-cr-00265-MHW, at Dkt. 149 (S.D. Ohio 2020). The district court sentenced Anderson to a total of 240 months of imprisonment—180 months for the § 841 offense followed by a consecutive term of 60 months for the § 924(c) offense. *See id.*

Anderson now suggests that the BOP is improperly refusing to allow him to earn First Step Act ("FSA") time credits against his sentence. [Dkt. 1 at 11, 15]. Anderson, however, is ineligible for such credits. It is true that the FSA generally allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). But the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Thus, Anderson is precluded from earning time credits under the FSA.

Anderson nevertheless claims that he should be able to earn FSA time credits against the portion of his sentence that relates only to his § 841 conviction. [*See* Dkt. 1 at 11–12, 15]. But 18 U.S.C. § 3584(c) provides that the BOP shall aggregate

multiple prison sentences for administrative purposes, and many courts, including this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g.*, *Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. Mar. 28, 2023). In fact, the United States Court of Appeals for the Sixth Circuit has specifically affirmed such a decision from this Court, saying that it "did not err in concluding that [the petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (citing *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023)). Therefore, Anderson's aggregation-related argument plainly fails.

Finally, Anderson puts forth a series of additional claims in his Petition, but those also lack merit. For example, Anderson objects to his custody classification, eligibility to participate in certain programming at the prison, and alleged inability to have family members visit him. [Dkt. 1 at 12]. But a § 2241 petition can only be used by a prisoner who is challenging a decision or action which impacts the length of time he must stay in prison to satisfy the sentence imposed, and the ancillary issues Anderson raises do not fit within that criterion. And to the extent that Anderson is trying to challenge his underlying criminal conviction and sentence and/or pending charges against him in an Indictment or Superseding Indictment, he cites no legal authority that would allow him to pursue those claims via § 2241. *See also Cox v. United States*, No. 23-3966, 2024 WL 4948683, at *1 (6th Cir. Apr. 17, 2024) (explaining that, as a general matter, a federal prisoner may not pursue these forms

of relief in a § 2241 petition).

Accordingly, it is hereby **ORDERED** as follows:

1) Anderson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Dkt. 1] is **DENIED** and will be **DISMISSED WITH PREJUDICE**.

2) This matter shall be **STRICKEN** from the Court's active docket.

3) The Court will enter a corresponding Judgment.

This the 9th day of October, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky